## WILLISTON *v.* COLKETT.

A warrant was originally assessed in the name of the warrantee, for 999 acres.
During subsequent years the amount was reduced as sales were made. It was
finally assessed as 200 acres, when in fact it contained 600 acres. The owner
paid taxes at this rate for two years, and sold the land. A treasurer's sale
under such an assessment passes the title to the 600 acres.

In error from the Common Pleas of Tioga.

*July* 15. The question in this case was on the validity of an
assessment of unseated lands.

In 1838 and 1839, Asa Mann was the owner of the residue of
a tract, part of which had been sold. In those years the assess-
ments were as follows:—Warrant No. 4483, original quantity, 999
acres. Present quantity, 200 acres. Warrantee, James Wilson.
Owner, A. J. Underhill. Rate per acre, $1.50. Valuation, $300.
County tax, 1838, $3. County tax, 1839, $3.

Under these the sale was made to the present plaintiffs. The
defendants were purchasers from Mann after the date of the assess-
ments, and before the sale. It was in evidence that the assessments
were made in the same manner, and for the same amount for the two
previous years, and that Mann had paid the taxes at these rates.
The defendant proved the assessment-books for 1829, showing that
the tract had originally been assessed as 999 acres, and during
the succeeding years had been reduced from time to time by the
assessors, as sales were made, until 1832, when it was fixed at 200
acres, and so continued. The evidence was that the quantity
remaining in the tract was 600 acres. The treasurer's deed was
for 200 acres, and for that this ejectment was brought. The court
decided that the assessment was too vague.

*Williston*, for plaintiff in error.

*White*, contrà.

*July* 17. COULTER, J. (after stating the case.)—It is of some
consequence in this case that Asa Mann, the owner of the 600
acres unseated, had for two years previously paid the tax assessed
in the same way, and for the same number of acres, on the same
tract, without informing the officers that the true number of acres
unseated was 600. By the act of Assembly of 8th March, 1806,
it was the duty of the holder to give the commissioners a descrip-
tion of the unseated land held by him; but Asa Mann did not
choose to comply with the law, but rather elected to profit by a

mistake in the number of acres which was to his own advantage; and he now complains with an awkward grace of injustice done. He was silent for his own advantage, when truth and the interest of the public required him to speak.

No man who reads the assessment, can doubt the intent of the officer to assess all the land which was unseated on the warrant 4483, in the name of Wilson. Such is the obvious meaning and import of the assessment—the 200 acres were mentioned as description. But the land was identified by the number of the warrant, the name of the warrantee, and the name of the owner from whom Mann had purchased. There could be no mistake on the part of Mann. The assessment and the advertisement gave him full notice; and I must again repeat, that he had himself, for two years, paid the taxes so assessed, and wronged the public in a small way. It was clearly the intent of the act of 1815, to make sales for taxes good, when reasonable care was observed by the officers, and a reasonable opportunity given to owners, by notice that his land would be sold, unless the taxes were paid. In the 4th section of the act of 1815, this clause is contained, "no alleged irregularity in the assessment or in the process *or otherwise* shall be construed or taken to affect the title of the purchaser." The public interest and public policy require that fair effect should be given to the laws with respect to unseated lands, so as not to sacrifice the interest of the holder without a reasonable opportunity of notice. The settlement and improvement of the country is thereby advanced— and in this case no injustice is done to Mann: with full notice he has brought the evil on himself, and the law afforded him a *locus poenitentiæ* for his wilful wrong to the public in the two years to redeem. We are of opinion that the sale was valid, and did confer title on the purchaser for all the unseated land on warrant No. 4483, at the time of the assessment, and that therefore there was error in the charge of the court.

Judgment reversed, and a *venire de novo* awarded.